IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY E. RYAN and BRANDON HARGRAVE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | NO. 12-3305 |
| DEPUTY TRAVIS KOESTER, in his Individual and Official Capacities at the Sangamon County Sheriff's Office, and SANGAMON COUNTY, ) ) ) ) ) ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This is a civil rights action pursuant to 42 U.S.C. § 1983, wherein Plaintiffs Timothy E. Ryan and Brandon Hargrave allege the Defendants violated their constitutional rights. Pending is the Motion in Limine of Defendants Travis Koester and Sangamon County, wherein the Defendants seek an Order barring the testimony of certain witnesses.

I.

Defendant Travis Koester is a deputy with the Sangamon County

Sheriff's Department. The Plaintiffs' claims arise out of Koester's arrest of the Plaintiffs on separate occasions for driving under the influence (DUI). The Plaintiffs allege that Koester arrested them for DUI without probable cause, falsely imprisoned them, and committed the tort of intentional infliction of emotional distress related to his arrest of the Plaintiffs and during the resulting criminal prosecutions. The Plaintiffs' claims against Koester are in his official and individual capacity.

In their Complaint, the Plaintiffs cited portions of the transcripts from their statutory summary suspension (SSS) hearings, over which Sangamon County Judges John M. Madonia and Christopher Perrin presided. Following the SSS hearings, Judge Madonia and Judge Perrin rescinded the Plaintiffs' suspensions finding, as a matter of law, there was no probable cause to arrest the Plaintiffs. In the case of Plaintiff Hargrave, Judge Perrin found there was insufficient evidence to even meet the lower standard requiring Hargrave to submit to a portable breath test.

Upon rescinding the Plaintiffs' suspensions, both Judge Madonia and Judge Perrin commented extremely unfavorably on Koester's credibility.

The Plaintiffs' initial disclosures identify "All employees of the Sangamon County Circuit Clerk's Office, court reporters and judges who were present in court on June 22, 2012 and May 4, 2012 at the respective Statutory Summary Suspension Hearings for the Plaintiffs."

Based on the foregoing, the Defendants state that it appears the Plaintiffs intend to support their claims with evidence of what occurred at their SSS hearings, including calling of witnesses, including the judges, to testify regarding Defendant Koester's credibility at those hearings. The Defendants claim that any such testimony is irrelevant and not likely to lead to the discovery of relevant and admissible evidence.

Accordingly, the Defendants seek a pretrial ruling on the admissibility of this evidence.

The Plaintiffs note that in an unrelated case, *Calvin Christian v. City of Springfield*, 2011 MR 633, that police internal affairs files were public records subject to the Illinois Freedom of Information Act. The Plaintiffs attach an August 15, 2013 Illinois Times article entitled "Pants on Fire." The article, which was written by Bruce Rushton, suggests that in 2010

Koester apparently lied under oath during the preliminary hearing in *People v. Gregory Roberts*, Sangamon County Case 2010 CF 220.

Based on the foregoing, the Plaintiffs allege this corroborates the opinions of Judges Perrin and Madonia that Koester is untruthful.

II.

The Defendants contend the testimony at issue is beyond the scope of relevant discovery and inadmissible under Federal Rule of Civil Procedure 26(b). Rule 26(b) permits discovery of any "non-privileged matter that is relevant to the party's claims or defense." "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b). The applicable pattern jury instruction provides, "There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff [had committed/was committing] a crime." 7th Cir. P.I. 7.06. The elements of false arrest and false imprisonment are the same. *See Meerbrey v. Marshall Field and Co., Inc.*, 139 Ill.2d 455, 474 (1990).

Based on the applicable law, therefore, the Defendants note that the relevant inquiry as to the false arrest and imprisonment claims involves what was known to and believed by Koester at the time he arrested the Plaintiffs, not what occurred at a subsequent hearing.

The Defendants contend that the result of the SSS hearing has no preclusive effect on this litigation and the opinions of its participants are therefore irrelevant. The Plaintiffs allege that Defendants are precluded from re-litigating that issue. The Court concludes that the issue of whether collateral estoppel precludes the litigation of the probable cause issue is premature at this point in the litigation while discovery is ongoing.

The Defendants further assert that, to the extent the Plaintiffs intend to call Court personnel, attorneys, or judges to testify regarding Koester's credibility or the result of the SSS hearing, such evidence is irrelevant, hearsay and would usurp the jury's function. In *Schultz v. Thomas*, 832 F.2d 108 (7th Cir. 1987), a plaintiff acquitted of disorderly conduct brought a civil rights claim for false arrest and excessive force against the arresting officers. *See id.* at 109. At trial, the plaintiff called the judge who presided

5

over the criminal case to testify regarding his findings that the officers had lied and abused their authority. *See id*. The plaintiff was also permitted to admit a transcript of the judge's decision into evidence. *See id*. The Seventh Circuit reversed the jury's verdict in the plaintiff's favor, finding that the admission of the judge's testimony regarding the witness's credibility constituted an abuse of discretion. *See id*. at 110. In so holding, the court observed:

> In determining whether the defendants violated [the plaintiff's] civil rights by falsely arresting him and then giving willfully false testimony in order to secure his conviction, the jury was required to observe and listen to many of the same witnesses giving the identical testimony as that which formed the basis for Judge Flynn's opinion so unavoidably overlapped the jury's role in assessing the credibility of the key witness as to unfairly prejudice the defendants by denying them the right to have a jury decide the facts which formed the claims against them.

*Id*. Moreover, the court in *Schultz* found that because he was not a witness to the events at issue and could not properly comment on the occurrence, *see* Fed. R. Evid. 602, the criminal judge's "findings and opinion regarding [the plaintiff's] arrest and subsequent prosecution are irrelevant to an adjudication of his civil rights claim." *Id*. at 111.

6

Relying on *Schultz*, the Defendants allege the Plaintiffs are precluded from calling Judges Madonia and Perrin to testify regarding their findings or opinions on Koester's credibility. For the same reason, court staff and attorneys who participated in the SSS hearings would be barred from testifying regarding their observations and opinions. Any other result would mean that an attorney would be a witness as to the credibility of every witness he or she deposes. The Defendants claim that Plaintiffs do not disclose any personal knowledge of the underlying facts by any of these witnesses.

In opposing the Defendants' motion, the Plaintiffs note Rule 26(b) permits discovery of any non-privileged matter that is relevant to the party's claim or defense." Rule 26(b) also provides, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Plaintiffs further suggest that Defendants are mistaken in predicting that Plaintiffs intend to call Judge Madonia and Judge Perrin to testify regarding their factual and legal findings to the jury.

The Plaintiffs contend that some courts have disfavored pre-discovery motions in limine. They allege the individuals present at the SSS hearings, including the judges and court personnel, may have testimony which is relevant, material and admissible, even though the Federal Rules of Civil Procedure do not require such a high burden.

The Plaintiffs state they are "unaware to what, or how, the witnesses will testify. It may arise that the individuals will not testify favorably to the Plaintiffs. If that is the case, clearly they will not be called and the issue is moot." *See* Doc. No. 20-1, at 6. Accordingly, the Plaintiffs contend that Defendants' motion is premature and it subverts the discovery process.

It seems apparent that, pursuant to *Schultz*, the opinions or findings of Judge Madonia and Judge Perrin at the SSS hearing would not be admissible at trial. The Court recognizes that relevant information need not be admissible at trial as long as it is reasonably calculated to lead to the discovery of admissible evidence. Except for saying that the witnesses may have such information which could lead to the discovery of admissible evidence, however, the Plaintiffs do not say how the testimony of the judges

and other nameless individuals might lead to such discovery.

Because the Plaintiffs have not shown that the proposed discovery appears reasonably calculated to lead to the discovery of admissible evidence, the Court is unable to determine that it will so lead.  Given the expense involved and burden of subjecting Judges Madonia and Perrin and other court personnel and attorneys to the inconvenience of sitting for depositions, the Court will Allow the Motion to Exclude Witnesses.

*Ergo*, the Motion of Defendants Travis Koester and Sangamon County in Limine to Bar Certain Witnesses [d/e 17] is ALLOWED.

ENTER: December 17, 2013

        FOR THE COURT:

        *s/Richard Mills*
        Richard Mills
        United States District Judge