IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(SPRINGFIELD DIVISION)

| | |
|---|---|
| TIMOTHY E. RYAN                )<br>                                                      )<br>            Plaintiff,            )<br>    v.                                         )<br>                                                      )<br>DEPUTY TRAVIS KOESTER  )<br>IN HIS INDIVIDUAL AND       )<br>OFFICIAL CAPACITIES at the Sangamon )<br>County Sheriff's Office; and    )<br>                                                      )<br>SANGAMON COUNTY;          )<br>            Defendants.           ) | No.  3:12-cv-03305-RM-BGC |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, TIMOTHY E. RYAN by and through his attorney, Daniel Noll of the Noll Law Office, LLC, and for Plaintiff's Response to Defendants' Motion for Summary Judgments states as follows:

I.  **INTRODUCTION**

On November 14, 2012, the Plaintiff, Timothy E. Ryan, filed the instant case pursuant to 42 U.S.C. § 1983. d/e 1. The Plaintiff has alleged six counts related to his arrest from Deputy Travis Koester on May 16, 2012, for DUI.

The first two counts are based on 42 U.S.C. §1983. The third and fourth counts are based upon a state law tort claim of false imprisonment. The fifth and sixth counts are based upon state law tort claims of intentional infliction of emotional distress. Some of these counts were plead in the alternative and all were plead prior to discovery commencing.

At this time, and outlined below, the Plaintiff believes that there are genuine issues of material fact that remain as to Counts I and II of the Plaintiff's Complaint and, as such, the Defendants' Motion for Summary Judgment should be denied. At this juncture, the Plaintiff is voluntarily dismissing Counts III-VI. As such, this response shall only address the issues that reference Count I and Count II.

## II. RESPONSE TO UNDISPUTED MATERIAL FACTS

### A. UNDISPUTED MATERIAL FACTS

1. Paragraph 2 of the Defendants' Motion for Summary Judgment is undisputed.
2. Paragraph 3 of the Defendants' Motion for Summary Judgment is undisputed.
3. Paragraph 4 of the Defendants' Motion for Summary Judgment is undisputed.
4. Paragraph 6 of the Defendants' Motion for Summary Judgment is undisputed.
5. Paragraph 8 of the Defendants' Motion for Summary Judgment is undisputed.
6. Paragraph 9 of the Defendants' Motion for Summary Judgment is undisputed.
7. Paragraph 12 of the Defendants' Motion for Summary Judgment is undisputed.
8. Paragraph 13 of the Defendants' Motion for Summary Judgment is undisputed.
9. Paragraph 14 of the Defendants' Motion for Summary Judgment is undisputed.
10. Paragraph 15 of the Defendants' Motion for Summary Judgment is undisputed.
11. Paragraph 17 of the Defendants' Motion for Summary Judgment is undisputed.
12. Paragraph 18 of the Defendants' Motion for Summary Judgment is undisputed.
13. Paragraph 19 of the Defendants' Motion for Summary Judgment is undisputed.
14. Paragraph 20 of the Defendants' Motion for Summary Judgment is undisputed.
15. Paragraph 21 of the Defendants' Motion for Summary Judgment is undisputed.

B.  **DISPUTED MATERIAL FACTS**

16.  Paragraph 1 of the Defendants' Motion for Summary Judgment is disputed to the extent that it implies that the traffic offenses were committed. Exhibit 1, Plaintiff's Deposition, pages 46, 49,50.

17.  Paragraph 5 of the Defendants' Motion for Summary Judgment is disputed to the extent that it implies that the Plaintiff consumed more than one beer. Exhibit 1, Plaintiff's Deposition, page 18.

18.  Paragraph 7 of the Defendant's Motion for Summary Judgment is disputed. Exhibit 1, Plaintiff's Deposition, page 53, 54; Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, pages 24, 43-44.

19.  Paragraph 10 of the Defendant's Motion for Summary Judgment is disputed to the extent that it implies that marijuana was smoked out of the pipe on May 16, 2012. Exhibit 1, Plaintiff's Deposition, page 53.

20.  Paragraph 11 of the Defendant's Motion for Summary Judgment is disputed to the extent that the Plaintiff does not know whether his pupils were dilated. Exhibit 1, Plaintiff's Deposition, pages 53-54.

21.  Paragraph 16 of the Defendant's Motion for Summary Judgment is disputed to the extent it implies that Deputy Koester immediately placed him under arrest for DUI of alcohol/drugs. Further, it is disputed that Deputy Koester had any indication that Mr. Ryan possessed marijuana until after Deputy Koester searched Mr. Ryan. Exhibit 1, Plaintiff's Deposition, page 56.

C.  **DISPUTED IMMATERIAL FACTS**

22. Paragraph 7 of the Defendant's Motion for Summary Judgment is also disputed and immaterial as the odor of alcohol is a completely unreliable factor in determining whether a person is under the influence of alcohol.

D.  **ADDITIONAL MATERIAL FACTS OF THE CASE**

23. Mr. Ryan was stopped by Deputy Koester at 11:24 p.m. on May 16, 2012. Deputy Travis Koester's Report which is attached to Exhibit 3, Deputy Koester's Deposition.

24. Leland Grove Officer Oliver Kenton was dispatched to assist Deputy Koester at 11:27. Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 43.

25. Leland Grove Officer Oliver Kenton arrived at the scene at 11:32. Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 43.

26. Officer Oliver did not smell any odor of cannabis, burnt or otherwise, coming from the Plaintiff. Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 24, 43-44.

27. The odor of cannabis would not have dissipated between the time that Deputy Koester interacted with the Plaintiff and the time that Officer Oliver arrived on scene. Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 44.

28. The Plaintiff's speech was not mumbled or slurred. d/e 1, Exhibit 6, video of arrest.

29. The Plaintiff did not fail the Standardized Field Sobriety Tests. Exhibit 1, Deposition of Timothy E. Ryan, pages 55-56.

30. The Plaintiff was not under the influence of alcohol on May 16, 2012, at approximately 11:30 p.m. Exhibit 1, Deposition of Timothy E. Ryan, page 60.

31.     The Plaintiff was not under the influence of drugs on May 16, 2012, at approximately 11:30 p.m. Exhibit 1, Deposition of Timothy E. Ryan, page 60.

32.     Deputy Koester has previously testified inconsistently with his deposition testimony. See: d/e 1, Exhibit 3, generally.

### III.    **ARGUMENT**

#### A.  **SUMMARY JUDGMENT STANDARD**

According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is only proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). Furthermore, it is the movant's burden to show that no genuine factual dispute exists, and all reasonable inferences must be drawn in the non-movant's favor. *Giannullo*, 322 F.3d at 140, citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). Where the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented. *Giannullo*, 322 F.3d at 140-41 quoting *Adickes*, 398 U.S. at 158, 160, 90 S.Ct. 1598 (internal quotations omitted). The non-movant is not required to rebut an insufficient showing. *Id*.

Because the Defendants have failed to meet their initial burden of showing that no genuine issue of material dispute exists, their motion for summary judgment must be denied. Because Defendants have failed to meet their initial burden, Plaintiff need not present any evidence to the contrary in order for this Court to dismiss Defendants' motion. However, even though Defendant could not satisfy their burden of establishing that no genuine factual dispute

exists, Plaintiff has established through the record sufficient facts disputing Defendants' factual allegations. The testimony of the Plaintiff, the Defendants, and the witnesses more than establish that there are genuine issues of disputed material fact in the case at bar.

The Defendants have failed to establish that there is no genuine issue of material fact because arresting an individual with no probable cause amounts to an unlawful seizure pursuant to the United States Constitution. Moreover, Deputy Koester was aware that his behaviors were unconstitutional on the night in question. His actions do not meet the objective reasonableness test. Therefore, the Defendants' motion for summary judgment must be denied.

B. **Deputy Koester did not have probable cause to arrest Timothy Ryan.**

To state a claim for false arrest, a plaintiff must allege that he was restrained without reasonable grounds to believe that he committed an offense. *Meerbrey v. Marshall Field & Co.* 139 Ill.2d 455, 474 (1990). An officer has probable cause to arrest if "the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a prudent person in believing the suspect has committed or is committing an offense." *United States v. Mounts,* 248 F.3d 712, 715 (7th Cir. 2001). The officer's subjective belief does not control. *People v. Wolff*, 176 Ill. App.3d 583, 586 (3d Dist 1989).

Here, the Defendants argue that Plaintiff's admission to drinking, smell of alcohol, odor of cannabis, dilated pupils, and refusal to submit to the PBT are undisputed and provide probable cause to arrest. The Plaintiff disagrees.

Taken in the light most favorable to the Plaintiff, the Plaintiff admitted to drinking one beer. Exhibit 1, Plaintiff's Deposition, page 18. While it is commonsensical that a person who drinks a beer has an odor of alcohol, those two factors alone do not constitute probable cause to

arrest. See: *People v. Boomer*, 325 Ill. App.3d 206 (2d Dist. 2001). In *Boomer*, the defendant smelled of alcohol and he admitted to having consumed alcohol before driving his motorcycle. On appeal, the court affirmed the trial court's determination that the officer lacked probable cause to arrest the defendant based on those circumstances.

As to the odor of cannabis, a genuine issue of material fact exists. The Plaintiff unequivocally denies smoking cannabis on May 16, 2012. Exhibit 1, Plaintiff's Deposition, page 53. In addition, Leland Grove Officer Kenton Oliver did not smell the odor of cannabis, burnt or otherwise, coming from the Plaintiff or his vehicle. While it is true that Officer Oliver arrived on scene approximately 8 or 9 minutes after the initial traffic stop of the Plaintiff, it is not possible for the "strong odor of burnt cannabis" described by Deputy Koester to have dissipated in that short period of time. Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 44.

The Defendant urges the Court to find that the Defendant could smell cannabis prior to arresting Plaintiff. This assertion goes against the manifest weight of the evidence including both the Plaintiff and Officer Oliver's testimony.  Like the Honorable John M. Madonia determined at the Statutory Summary Suspension hearing, a reasonable jury could return a verdict in favor of the Plaintiff. See: d/e 1, Exhibit 3, pages 48-50.

Regarding the dilated pupils, the Plaintiff testified truthfully that he did not know whether his pupils were dilated. However, taking the evidence in the light most favorable to the non-moving party, the Plaintiff did not smoke marijuana that day. Thus, his pupils could not have been dilated.

It is undisputed that the Plaintiff refused to submit to the PBT. However, the Defendants' contention that it is evidence of guilty is misplaced. While a defendant has no right to refuse field sobriety tests or post-arrest breath tests, constitutionally or statutorily, the same is not true

regarding preliminary breath tests (PBT). See: *People v. Roberts*, 450 N.E.2d 451 (2d Dist. 1983). 625 ILCS 11-501.5 which governs preliminary breath test screening tests, specifically states that "the person may refuse the test." In *People v. Rozela*, 802 N.E.2d 318, 378 (2d Dist. 2003), the court specifically stated that consent is a pre-requisite to PBT testing. Because the defendant has the right to refuse, it would logically follow that such a refusal cannot be used as evidence of guilt, since to do so would eradicate that right. See also: *People v. Jackson*, 189 Cal. App. 4th 1461 (2011).

Finally, Leland Grove Officer Kenton Oliver supports the Plaintiff's position. During his deposition, he was asked the following questions:

Q: Did Mr. Ryan at any point seem confused to you?

A: Not that I remember.

Q: Did he have any difficulty walking?

A: Not that I remember.

Q: Do you recall him slurring his speech?

A: Again, not that I remember did he [sic].

Q: Do you recall him mumbling?

A: Not that I remember.

In fact, based upon what Officer Oliver observed of the Plaintiff, he would not have arrested Mr. Ryan. See: Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 32. Thus, the only person who thought Mr. Ryan should have been arrested for DUI was Deputy Koester who made an unreasonable and baseless arrest decision.

**C. Deputy Koester is not entitled to Qualified Immunity on the Individual Capacity False Arrest Claim.**

Qualified immunity protects governmental actors performing discretionary functions to the extent that they are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Chaklos v. Stevens,* 560 F.3d 705, 710 (7th Cir.2009). When confronted with a claim of qualified immunity, a court must ask first the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Brosseau v. Haugen*, 543 U.S. 194, 198 (U.S. 2004).

Of course, neither the Seventh Circuit nor the district court require a prior case that is precisely on all fours on the facts and law involved here. As the Seventh Circuit has previously stated, "[C]ases involving the exact fact pattern at bar are unnecessary," *Lojuk v. Johnson*, 770 F.2d 619, 628 (7th Cir.1985); see also *Cleveland-Perdue v. Brutsche*, 881 F.2d 427, 431 (7th Cir.1989) ("The presence of a controlling precedent is not ... a *sine qua non* of a finding that a particular right has been clearly established within the meaning of *Harlow*.") (citation omitted). Rather, what is required is a "sufficient consensus," based on all relevant case law, "indicating that the official's conduct was unlawful." *Id*

Here, there is no question that the officer's conduct violated a constitutional right. Specifically, Deputy Koester violated Mr. Ryan's Fourth Amendment right to be free from unreasonable searches and seizures absent probable cause.

The Fourth Amendment of the United States Constitution states "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, **but upon probable cause**, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (emphasis added) Given the voluminous amount of case law

requiring probable cause to arrest, there is both a cornucopia of case law establishing that the Plaintiff had a right not to be arrested without probable cause in a general sense and, specifically, as it relates to DUI. See generally: *Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013); See as it relates to DUI: *People v. Boomer,* 325 Ill. App. 3d, 206 (2nd Dist. 2001); *People v. Tucker*, 614 N.E.2d 875 (2d Dist. 1993); *People v. O'Brien*, 591 N.E.2d 469, 471 (2d Dist. 1992) (court found that the arresting officer was not credible); *People v. Miranda*, 964 N.E.2d 1241 (2d. Dist 2012).

The Defendants state that "there is no closely analogous case law that would put Defendants on notice that probable cause did not exist to arrest Plaintiff for DUI of alcohol/cannabis where [he] smelled like alcohol and cannabis and refused a portable breath test." d/e 60, pg. 12. Excluding the fact that the Plaintiff disputes the odor of cannabis (and to a degree the odor of alcohol), as well as the fact that a person may refuse to take the PBT (See: *supra*), it is clear that the Plaintiff both had a clearly established constitution right and it was well-established on May 16, 2012.

The Fourth Amendment applies an objective reasonableness test. It is unreasonable for Deputy Koester to believe that a person who has consumed a beer is under the influence of alcohol.[1] This position is supported by Officer Oliver who shows up 9 minutes later and observes the Plaintiff for close to 45 minutes. In fact, based upon what Officer Oliver observed of the Plaintiff, he would not have arrested Mr. Ryan. See: Exhibit 2, Leland Grove Officer Oliver Kenton's Deposition, page 32. Moreover, Deputy Koester's conduct was so outrageous, that

---

[1] It should be noted that the Plaintiff disputes that he did not commit a traffic infraction, did not fail the field sobriety tests, did not smell of cannabis, was not slurring or mumbling his words, and was not swaying or wobbling.

Judge Madonia did not find "one iota of credible evidence" to support either the stop or the arrest of Mr. Ryan. d/e 1, Exhibit 3, pages 48-50.

## CONCLUSION

**WHEREFORE**, the Plaintiff, Timothy E. Ryan, respectfully requests this Honorable Court deny Defendants' Motion for Summary Judgment; set the matter for jury trial; and for such further relief as this Court deems fair and just.

**Respectfully Submitted,**

**Timothy E. Ryan,**
Plaintiff,

BY:  ____*/s Daniel A. Noll*_____
DANIEL A. NOLL
Reg. No. 6302658
Noll Law Office LLC
930 E. Monroe
Springfield, IL  62701
(217) 544-8441

## PROOF OF SERVICE

      I hereby certify that on July 31, 2014, I electronically filed the foregoing instrument, CERTIFICATE OF SERVICE, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Theresa M. Powell – tpowell@heylroyster.com

    Joseph N. Rupcich – jrupcich@heylroyster.com

And I certify that I have mailed on July 31, 2014, by United States Postal Service the foregoing instrument, CERTIFICATE OF SERVICE, to the following non-CM/ECF participants:

    Timothy Ryan  
    P. O. Box 9466  
    Springfield, IL  62791  
    (217) 494-5140

    /s/ Daniel A. Noll  
    DANIEL A. NOLL  
    Reg. No. 228987  
    Noll Law Office  
    930 E. Monroe  
    Springfield, Illinois 62701  
    Telephone: (217) 544-8441  
    Fax: (217) 544-8775  
    E-mail: dannoll@noll-law.com