E-FILED
Tuesday, 03 February, 2015  10:15:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TIMOTHY E. RYAN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 12-3305 |
| DEPUTY TRAVIS KOESTER, in his Individual and Official Capacities at the Sangamon County Sheriff's Office, and SANGAMON COUNTY, | ) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Following the dismissal of DUI and cannabis possession charges, Plaintiff Timothy E. Ryan filed a Complaint asserting several claims pursuant to section 1983.

Because statutory summary suspension hearings are not entitled to preclusive effect, Plaintiff's Summary Judgment Motion is Denied.

Deputy Koester had probable cause to arrest the Plaintiff. Therefore, Defendants' Motion for Summary Judgment is Allowed.

I. FACTUAL BACKGROUND

Plaintiff Timothy E. Ryan filed a Complaint pursuant to 42 U.S.C. § 1983 asserting multiple violations of his civil rights by the Defendants, Deputy Travis Koester and Sangamon County, relating to an arrest for driving under the influence (DUI) and cannabis possession.[1] The Plaintiff contends Deputy Koester arrested him without probable cause, falsely imprisoned him and committed the tort of intentional infliction of emotional distress.

The Plaintiff seeks summary judgment as to liability, contending that the Court should give preclusive effect to the findings of the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, at a Statutory Summary Suspension Hearing.

The Defendants contend for a number of reasons that summary judgment in their favor is warranted as to each of the six counts.

The individual Defendant, Travis Koester, was at all relevant times,

---

[1] Brandon Hargrave was also named as a Plaintiff, asserting the same claims against the Defendants. See Doc. No. 1. On March 4, 2014, the Parties stipulated to the dismissal of all claims as to Hargrave.

a deputy of the Sangamon County Sheriff's Office acting within the scope of his employment under color of law. On March 16, 2012, at 11:24 p.m., Deputy Koester conducted a traffic stop of Plaintiff Timothy E. Ryan's vehicle for alleged traffic infractions committed while driving in Springfield, Sangamon County, Illinois. Deputy Koester arrested the Plaintiff for DUI of Alcohol and Possession of Cannabis under 2.5 grams.

At the time of the traffic stop, Koester was trained in DUI investigations and field sobriety testing. Upon initiating contact with the Plaintiff at his car, Koester could smell alcohol on the Plaintiff's breath. The Plaintiff had consumed alcohol earlier in the evening. He told Koester he drank one beer at the Brickhouse on West Iles. The Plaintiff states his speech was not slurred or mumbled.

Deputy Koester testified that in addition to smelling alcohol, he could also smell cannabis during the traffic stop. The Plaintiff disputes this allegation, based on his testimony and that of Leland Grove Officer Kenton Oliver, who arrived to assist Koester approximately eight minutes after the traffic stop commenced. He further alleges that the odor of alcohol is an

unreliable factor in determining whether a person is under the influence of alcohol.

At the time the Plaintiff was interacting with Deputy Koester through the window of his car, the Plaintiff had a used hitter pipe and a small amount of cannabis on his person. The cannabis and paraphernalia belonged to the Plaintiff. The pipe had been used to smoke marijuana prior to the Plaintiff's traffic stop and arrest. The Plaintiff testified he had not smoked marijuana on the day of the stop. Although he could not recall the last time he smoked marijuana, the Plaintiff stated it was "conceivable" he had done so the previous day. The Plaintiff testified his pupils may have been dilated at the time of the traffic stop. He did not know if they were. Dilated pupils are a sign of cannabis impairment.

The Plaintiff submitted to field sobriety tests consisting of a horizontal gaze nystagmus, the walk and turn test and the one-leg stand test. Deputy Koester offered the Plaintiff a portable breath test (PBT) prior to arresting him. The Plaintiff refused to submit to a PBT.

The Plaintiff was placed under arrest. Upon searching the Plaintiff

incident to arrest for DUI, the Defendant located the hitter pipe and cannabis on the Plaintiff's person.  Koester did not physically or verbally abuse the Plaintiff during the course of the arrest.  The Plaintiff suffered no physical injuries as a result of his arrest.

The Plaintiff's emotional distress following his arrest consists of mistrust and apprehension when he sees police and his becoming upset when he reads articles about Koester.  He received no treatment from any mental health professional for any emotional injury.

On June 22, 2012, a hearing was held on the Plaintiff's petition to rescind his statutory summary suspension relating to his driving privileges.  At the hearing, Deputy Koester testified that he observed an odor of alcoholic beverages coming from the Plaintiff's breath.  He further stated that he smelled a strong odor of burnt cannabis coming from the Plaintiff's vehicle and his clothing.  Koester stated that Plaintiff's speech was "slurred" and he was mumbling his words.

Leland Grove Police Officer Kenton Oliver testified that while searching the Plaintiff's vehicle, he did not detect the odor of cannabis.

Officer Oliver did not observe any obvious signs of impairment after the Plaintiff was under arrest. Because he arrived after the traffic stop commenced, Officer Oliver was not present for the entire encounter.

According to the official transcript, Judge John M. Madonia rendered this final opinion at the hearing:

> I'm not sure I received one iota of credible evidence that could be used to sustain either the stop or the arrest in this case. You have an officer who doesn't even remember if he was stopped, standing inside, outside, driving, not driving, in the backseat of a car when he witnesses a traffic violation, and then he reads a report that completely refreshes his recollection, he remembers he was behind the vehicle, then, when he sees it, but the problem is that same report that he relied on to sustain the probable cause, or so he thought, in this case, he then later said was factually incorrect when he says that he stopped at the light, came to a stop, now he's questioning the only report that he was relying on to use to justify the stop in the first place.
>
> This is so convolutedly crappy, for lack of a better work, and I don't know if this is just a matter of people being on vacation, somebody being in training, but I'm going to tell you now, if we're going to continue to have these types of hearings, I expect there be a little better evidence than there was here today.
>
> I'm finding no probable cause to stop that vehicle, no reasonable grounds to place him under arrest, and it's based 100 percent on the credibility of the testimony that I heard in this courtroom here this afternoon.

> And I'm here to tell you now, you can work out whatever agreement you want with respect to all this stuff, whatever. I'd have a little trouble finding anyone guilty of anything coming out of this stuff. . . .
>
> I am here based on the testimony from that witness stand.

See Doc. No. 1, Ex. 3.

On August 13, 2012, all charges against the Plaintiff were dismissed. There were no additional witnesses that could have been called to prove there was probable cause to arrest the Plaintiff on March 16, 2012.

## II. DISCUSSION

Count I is a false arrest claim asserted by the Plaintiff against Deputy Koester in his official capacity. Count II is a false arrest claim against Koester in his individual capacity. Counts III and IV are official and individual capacity false imprisonment claims. Counts V and VI are official and individual capacity intentional infliction of emotional distress claims. The Plaintiff also seeks indemnity from Defendant Sangamon County.

The Plaintiff moves for summary judgment on all claims as to liability. The Defendants move for summary judgment on all claims.

A. Legal Standard

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). The Court construes all inferences in favor of the non-movant. See Siliven v. Indiana Dept. of Child Services, 635 F.3d 921, 925 (7th Cir. 2011). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." See Harper v. C.R. England, Inc., 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted). Because summary judgment "is the put up or shut up moment in a lawsuit," a "hunch" about the opposing party's motives is not enough to withstand a properly supported motion. See Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008). Ultimately, there must be enough evidence in favor of the non-movant to permit a jury to return a verdict in its favor. See id.

### B. Plaintiff's motion for summary judgment

The Plaintiff contends that because he prevailed at the statutory suspension hearing relating to his DUI arrest, the Court must find that there was no probable cause for the arrest and enter summary judgment as

to liability.

"Issue preclusion, also known as collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Coleman v. Donahoe, 667 F.3d 835, 853 (7th Cir. 2012) (internal quotation marks and citations omitted). In determining whether Judge Madonia's findings are entitled to preclusive effect, the Court must apply the concepts of collateral estoppel as they would be applied in Illinois. See Cannon v. Burge, 752 F.3d 1079, 1096 (7th Cir. 2014).

Relying on People v. Moore, 138 Ill.2d 162 (1990), the Illinois Supreme Court in Hurlbert v. Charles, 238 Ill. 248 (2010) held that the results of the plaintiff's statutory summary suspension hearing did not have preclusive effect on a subsequent claim for malicious prosecution. See id. at 260.

The Plaintiff purports to distinguish Hurlbert on the basis that this case does not involve a malicious prosecution claim. However, there is no

plausible reason to hold that the results of a hearing would have preclusive effect as to false arrest or false imprisonment claims but not malicious prosecution claims.

In Moore, the Illinois Supreme Court had held that the results of a statutory summary suspension hearing did not act as a bar to re-litigating the same issue in later DUI proceedings. See Moore, 138 Ill.2d at 166. The decisions in both cases were based on the nature of the statutory summary suspension process, which was to expeditiously determine whether an individuals's driving privileges would be suspended. See id. at 169; see also Hurlbert, 238 Ill.2d at 260 ("Such concerns are no less valid with regard to civil litigation."). The court in Hurlbert explained:

> As the Moore court found in rejecting a case-by-case analysis for subsequent DUI prosecutions, given even the possibility that the results of a statutory summary suspension hearing would act as collateral estoppel in any subsequent litigation, the State would likely deem it necessary to treat the suspension hearing as an integral part of a criminal trial rather than merely as an administrative device at defendant's disposal. These concerns apply to civil litigation as well as criminal litigation. Given even the possibility that collateral estoppel would apply to any potential future civil litigation, however remote, parties to a statutory summary suspension hearing would likely deem it prudent and necessary to conduct a full and complete hearing

> on the issues raised in that hearing, thereby undermining the very purpose of the statute to provide for expeditious review of the statutory summary suspension.

Id. (internal citation omitted). Based on the foregoing, it is apparent that the precise nature of the claim is not important. Because Illinois courts do not give preclusive effect to statutory summary suspension hearings, the Plaintiff is not entitled to summary judgment as to liability on his § 1983 claims.

Accordingly, the Plaintiff's Motion for Summary Judgment will be Denied.

## C. Defendants' motion for summary judgment

### (1)

The Defendants contend that Deputy Koester had probable cause to arrest the Plaintiff for DUI. Accordingly, they claim they are entitled to summary judgment.

The elements of false arrest and false imprisonment are the same. "The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the

defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." See Meerbrey v. Marshall Field and Co., Inc., 139 Ill.2d 455, 474 (1990). Accordingly, probable cause defeats any official capacity claims for false arrest or false imprisonment. See Stokes v. Board of Educ. of the City of Chicago, 599 F.3d 617, 626 (7th Cir. 2010); see also Mark v. Furay, 769 F.2d 1266, 1269 (7th Cir. 1985) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.") .

The Defendants contend that even when the facts are viewed in a light most favorable to the Plaintiff, Deputy Koester had probable cause to arrest him for DUI. Although the Plaintiff alleges he did not commit any traffic violations, he has no claims for relief based on the initial traffic stop of his vehicle or his initial detention. Rather, the Plaintiff pursues claims for false arrest and false imprisonment based on his arrest, in addition to claims for intentional infliction of emotional distress which he contends

resulted due to Deputy Koester's alleged lies and commission of perjury. The Court concludes that because the exclusionary rule is inapplicable to § 1983 claims, the issue of whether the officer had reasonable suspicion to stop the Plaintiff based on alleged traffic violations or to administer field sobriety tests is immaterial. See Townes v. City of New York, 176 F.3d 138, 145-46 (2d Cir. 1999) (noting that the fruit of the poisonous tree doctrine has not been successfully invoked to support a § 1983 claim); see also Bernardi v. Klein, 682 F. Supp.2d 894, 902 (W.D. Wisc. 2010) (observing that a single Fourth Amendment violation does not taint all subsequent actions for the purpose of a civil rights claim brought under § 1983).

Deputy Koester testified that in deciding to arrest the Plaintiff, the following factors were among those he considered: the Plaintiff's admission to drinking one beer, the odor of alcohol, the odor of cannabis, the performance on the field sobriety tests, his dilated pupils and his refusal to submit to the PBT.[2]

---

[2]Although a refusal to submit to a PBT is inadmissible in the State's case as evidence of guilt, see People v. Brooks, 334 Ill. App.3d 722, 729 (5th Dist.

The Plaintiff testified that he told Koester he had one beer at the Brickhouse. He did not dispute that he smelled of alcohol.

Additionally, Deputy Koester testified he smelled the odor of cannabis when speaking to the Plaintiff at his car. Koester searched the Plaintiff after placing him under arrest and located a case which contained a small amount of marijuana and a metal pipe for smoking marijuana. The Plaintiff further did not dispute that his pupils were dilated, saying "Maybe" when asked if they were. It is undisputed that dilated pupils are a sign of cannabis impairment.

Because probable cause must exist "at the time of the arrest," see Venson v. Altamirano, 749 F.3d 641, 649 (7th Cir. 2014), the fact that Plaintiff was found following his arrest to possess marijuana cannot be used to support probable cause to arrest. However, the smell of marijuana during the traffic stop provided the arresting officer with probable cause to search the Plaintiff and, upon its discovery, arrest him for possession of

---

2002), the Plaintiff points to no authority supporting the assertion that a refusal cannot be used by an officer in determining probable cause. As the Defendants note, such a rule would likely frustrate DUI enforcement because few people would take such tests.

marijuana or DUI marijuana. See United States v. Cherry, 436 F.3d 769, 772 (7th Cir. 2006) (the officer's testimony that he smelled marijuana during a traffic stop "seems a simple and compelling foundation for searching" the occupant of the vehicle).

The Plaintiff disputes that Deputy Koester smelled the odor of marijuana. He notes that Koester's testimony is inconsistent with his own and Officer Oliver's testimony. Oliver testified he did not smell the marijuana on the Plaintiff.

The Court is unable to conclude that the Plaintiff's or Oliver's inability to smell cannabis creates a genuine issue of material fact regarding whether Koester smelled cannabis. Because individuals have different senses of smell, the testimony of others that they did not smell cannabis does not cast doubt on Deputy Koester's testimony that he smelled the odor. This is particularly true here given the different levels of interaction each officer had with the Plaintiff. The circumstances of Koester's and Oliver's encounters with the Plaintiff were not the same. Oliver arrived eight or nine minutes after the traffic stop began. The Plaintiff was in his

15

car when Koester first approached him. However, Oliver talked to the Plaintiff when he was outside–apparently after he had first been placed in the police vehicle. Significantly, by the time Oliver interacted with the Plaintiff, the cannabis was no longer on the Plaintiff's person.

Because the two officers observed the Plaintiff at different times and under different circumstances, Officer Oliver's testimony does not create a factual dispute as to whether Deputy Koester smelled an odor of cannabis.

For all of these reasons, the Court finds there is no genuine issue of fact that Deputy Koester smelled marijuana during the traffic stop. This factor alone justifies the search of the Plaintiff and his subsequent arrest. Even if the smell of cannabis is not by itself enough to establish probable cause, the fact that Koester observed that Plaintiff's pupils were dilated bolsters this finding. When these factors are considered in conjunction with the other factors–the Plaintiff's admission to drinking a beer, the odor of alcohol and his refusal to submit to the PBT–the Court concludes Koester had probable cause to arrest the Plaintiff.

Because there was probable cause to arrest the Plaintiff possession of

cannabis and/or DUI, the Defendants are entitled to summary judgment on the Plaintiff's false arrest and false imprisonment claims in Counts I – IV.

(2)

In Counts V and VI, the Plaintiff asserts claims for intentional infliction of emotional distress. In order to sustain such a claim, the conduct must be (1) truly extreme and outrageous; (2) it must be intended to cause severe emotional distress or the actor must know there is a high probability that such emotional distress will result; and (3) the conduct must in fact cause severe emotional distress. See McGrath v. Fahey, 126 Ill.2d 78, 86 (1988).

The Court holds as a matter of law that the conduct alleged here was not sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. Moreover, the record establishes that Plaintiff did not suffer severe emotional distress.

Accordingly, the Defendants are entitled to summary judgment on the Plaintiff's intentional infliction of emotional distress claims.

Having determined that summary judgment is appropriate on Counts

I-VI, the Court concludes that Defendant Sangamon County is entitled to summary judgment on the Indemnity claim asserted in Count VII.

Ergo, the Plaintiff's Motion for Summary Judgment [d/e 56] is DENIED.

The Defendants' Motion for Summary Judgment [d/e 60] is ALLOWED.

The Clerk will enter Judgment in favor of the Defendants.

CASE CLOSED.

ENTER: February 2, 2015

    FOR THE COURT:

        s/Richard Mills
        Richard Mills
        United States District Judge